UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CLAUDE X, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 2:17-cv-00400-LJM-MJD |
| | ) |
| J. E. KRUEGER Warden, | ) |
| | ) |
| Respondent. | ) |

**Entry Dismissing Action and Directing Entry of Final Judgment**

Claude X, Reg. No. 212059-045, is confined in this District and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). His petition for writ of habeas corpus is **denied.**

### A. Background

X was sentenced to terms of imprisonment totaling, in the aggregate, life plus 60 months, on November 4, 2010, in the United States District Court for the Western District of Missouri, in case number 6:08-cr-3109-MDH-1. Specifically, X was convicted at trial of: conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 846, and 841(a)(1) and (b)(1)(A), (B), (C), and (D); four counts of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and (D); five counts of distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); using a firearm during and in relation to drug trafficking crimes, in violation of 18 U.S.C. § 924(c)(1)(A); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

After his direct appeal was completed, X filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The trial court wrote:

> In his first accusation of ineffectiveness of counsel on appeal, Movant claims that Mr. Lewis was ineffective for failing "to raise and argue the fact that the trial court erred when it refused to sentence the petitioner under the Fair Sentencing Act that went in effect on August 3, 2010." Movant's case falls into a unique class in that he was convicted of a conspiracy alleged to have occurred before the enactment of the Fair Sentencing Act, but was sentenced thereafter, on November 4, 2010. "[T]he Fair Sentencing Act's more lenient penalties" do "apply to offenders who committed [cocaine base] crimes before August 3, 2010, but were sentenced after that date." *Dorsey v. United States*, 132 S.Ct. 2321, 2324 (2012). Movant was not prejudiced, however, because this Court specifically held that the conspiracy of which Movant was a part involved more than 500 grams of cocaine base, above the 280-gram threshold that applied after August 3, 2010. Thus, Movant's statutory minimum was unaffected by the changes in the drug quantity amounts, and his counsel was not ineffective in not raising this issue on appeal. Furthermore, Movant cannot show that he suffered any prejudice.

*X v. United States*, 6:12-cv-3480-GAF, docket number 24 at pages 6-7 (June 26, 2013).

### B. Discussion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). X, however, challenges his sentence and seeks habeas corpus relief pursuant to 28 U.S.C. § 2241(c)(3). "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). Whether § 2255 is inadequate or ineffective depends on "whether it allows the petitioner 'a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.'" *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th

Cir. 2015) (en banc) (quoting *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998)). To properly invoke the Savings Clause of 28 U.S.C. § 2255(e), a petitioner is required to show "something more than a lack of success with a section 2255 motion," *i.e.,* "some kind of structural problem with section 2255." *Id.* The Court of Appeals for the Seventh Circuit has identified the three requirements to invoke the Savings Clause:

> In the wake of *Davenport*, we distilled that holding into a three-part test: a petitioner who seeks to invoke the savings clause of § 2255(e) in order to proceed under § 2241 must establish: (1) that he relies on "not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion," (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is "grave enough . . . to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding," such as one resulting in "a conviction for a crime of which he was innocent." *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *see also Davenport,* 147 F.3d at 611 (referencing the procedure as one to correct "a fundamental defect" in the conviction or sentence).

*Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016), *cert. denied sub nom. Montana v. Werlich*, 137 S. Ct. 1813 (2017). "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." *Smith v. Warden, FCC Coleman – Low*, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted).

In this action, X raises two related grounds for relief. First, he argues that he was denied due process when the trial court refused to apply the "Fair Sentencing Act of 2010" to his case. Second, X argues that the Fair Sentencing Act of 2010 removed him from qualifying as a career offender under 21 U.S.C. § 841(b)(1). Both of these issues were raised during X's motion pursuant to 28 U.S.C. § 2255, and both were rejected by the sentencing court. "The essential point is that a prisoner is entitled to one unencumbered

opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000). X had that opportunity and used it. He is not entitled to more.

### C. Conclusion

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). For the reasons explained in this Entry, this is an appropriate case for such a disposition. X has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is **denied**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: __8/25/2017__  

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CLAUDE X
212059-045
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808